IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM TIERNO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-391 |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| SUPERINTENDENT ROBERT GILMORE, | ) | |
| MICHAEL ZAKEN, and LT. SILBAUGH, | ) | Re: ECF Nos. 24 and 26 |
| | ) | |
| Defendants. | ) | |

MEMORANDUM ORDER

Plaintiff William Tierno ("Plaintiff"), an inmate at the State Correctional Institution at Greene ("SCI-Greene"), has presented a civil rights complaint, which he has been granted leave to prosecute without prepayment of costs, alleging that Defendants violated his rights provided by the Eighth Amendment to the United States Constitution. Plaintiff contends that, despite having informed Defendants that he had been labeled as a "snitch" and was in danger, Defendants failed to protect him resulting in Plaintiff being assaulted by another inmate on January 17, 2017.

Presently before this Court is a Motion for Preliminary Injunction and a supplemental Motion for Preliminary Injunction submitted by Plaintiff, ECF Nos. 24 and 26, wherein Plaintiff complains that Defendants are still failing to protect him by contemplating his return to general population and that a misconduct has been fabricated against him in retaliation for filing this lawsuit and a grievance regarding access to the law library. Plaintiff asks the Court to order Defendant Gilmore "and all line staff to cease from placing Plaintiff back into general population, and to cease any further retaliation against Plaintiff." ECF No. 24, at 6.

A preliminary injunction is an extraordinary and drastic remedy that "should not be lightly indulged in, but used sparingly and only in a clear and plain case." Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, at *6 (W.D. Pa. Sept. 24, 2006), *quoting* Plain Dealer Publ'g Co. v. Cleveland Typographical Union #53, 520 F.2d 1220, 1230 (6th Cir. 1975). See AT&T v. Winback and Conserve Prog. Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994). "[G]reat caution" and "judicial restraint" are particularly called for in the prison context where "complex and intractable problems of prison administration" are implicated. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995). See Bailey v. Gagnon, No. 06-1154, 2009 WL 982694, at *1 (W.D. Pa. April 9, 2009).

In determining whether a preliminary injunction is warranted, the District Court is to consider "(1) whether the movant has a reasonable probability of success on the merits; (2) whether irreparable harm would result if the relief sought is not granted; (3) whether the relief would result in greater harm to the non-moving party, and (4) whether the relief is in the public interest." Monroe v. Bryan, No. 12-1627, 2012 WL 2478375, at *1 (3d Cir. June 29, 2012), *quoting* Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir. 2002). See Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998) (for an inmate to sustain his burden of proof that he is entitled to a preliminary injunction, he must demonstrate both a reasonable likelihood of success on the merits and that he will be irreparably harmed if the requested relief is not granted). "[I]t is the movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.'" Emile v. SCI-Pittsburgh, 2006 WL 2773261, at *6, *quoting* Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992). Indeed, because "[t]he purpose of a preliminary injunction is to preserve the *status quo*, not to decide the issues on their merits[,]" Anderson v. Davila, 125 F.3d 148, 156 (3d Cir. 1997), irreparable harm is established by

showing that the plaintiff will suffer injury that "cannot be redressed by a legal or an equitable remedy following trial." Messner v. Bunner, No. 07-112E, 2009 WL 1406986, at *4 (W.D. Pa. May 19, 2009), *quoting* Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989).

As the United States Court of Appeals for the Third Circuit has found, these four factors suggest that "there must be a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Ball v. Famiglio, 396 F. App'x 836, 837 (3d Cir. 2010), *quoting* Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010). See Adams v. Freedom Forge Corp., 204 F.3d 475, 489-90 (3d Cir. 2000) (affirming the denial of injunctive relief where the harm alleged was insufficiently related to the complaint); Spencer v. Stapler, No. 04-1532, 2006 WL 2052704, at *9 (D. Ariz. July 21, 2006) ("Plaintiff's motion [for injunctive relief] concerns events that are unrelated to the subject of his complaint and that concerns conduct of persons other than the Defendants. Plaintiff's request will therefore be denied"). Moreover, there is a "general rule that a court may not enter an injunction against a person who has not been made a party to the case before it." Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 96 F.3d 1390, 1394 (Fed. Cir. 1996), *citing* Scott v. Donald, 165 U.S. 107, 117 (1897) ("[t]he decree is also objectionable because it enjoins persons not parties to the suit").

Here, Plaintiff is unable to meet his burden. Indeed, Defendants have submitted the Declaration of Mark DiAlesandro, the Deputy Superintendent for Centralized Services at SCI-Greene and chair of the Program Review Committee ("PRC"), who is familiar with Plaintiff's history and housing status, in which he states that "despite extensive investigation by Security staff, inmate Tierno's self-reported level of risk could never be verified," and that "[c]ontrary to what inmate Tierno is suggesting in this case, there is no evidence that he was assaulted or

3

attacked by anyone while in general population at SCI-Greene, in January of 2017 or at any other time." ECF No. 29-1 ¶¶ 1-2, 4. Deputy DiAlesandro also states that he personally investigated Plaintiff's claims that other inmates are calling him a "snitch" and his fears relative to being returned to general population and found that there was a single inmate in the Diversionary Treatment Unit ("DTU") who was verbally lashing out at Plaintiff and calling him a snitch. Id. ¶ 4. That inmate was told to stop and, when he refused, he was given a misconduct and removed from the unit. Id. There have been no other problems and thus Deputy DiAlesandro has concluded that Plaintiff is not at risk.[1]

Further, Deputy DiAlesandro declares that, although Plaintiff is currently housed in the DTU, having received a misconduct in early July, 2017, at the end of his disciplinary time "he will not be forced to move to general population block" even if the PRC determines that it is appropriate. Id. ¶ 3. Indeed, Deputy DiAlesandro states that Plaintiff has requested, and been granted, protective custody on AC status many times. Id. ¶ 2. It also appears that, although Plaintiff has recently chosen to decline contact with the PRC, he has had the opportunity, and will continue to have the opportunity, to meet with the PRC on a weekly basis and discuss his situation and any concerns he has. Id. ¶ 5.

Under these circumstances, this Court is hard pressed to find that Plaintiff is likely to succeed on the merits of his claims or that he will be irreparably harmed if injunctive relief is not granted. Not only does there appear to be a lack of evidence to support Plaintiff's allegations of an assault in January of 2017, but Plaintiff is not currently housed in general population where he believes he is at risk. Moreover, at such time as the PRC determines that it is appropriate to send

---

[1] Deputy DiAlesandro also represents that the absence of any evidence to support Plaintiff's claims that he was assaulted or attacked by anyone in January of 2017 evidences that Plaintiff is, in fact, simply repeating his well-known and disingenuous "pattern of manipulating for a transfer which he began late in 2016, shortly after his transfer to SCI-Greene," and that despite Plaintiff's increased efforts in this regard, he has not provided any information or evidence that would warrant a transfer. Id. ¶¶ 2, 6.

4

Plaintiff back to general population, he has the option of declining his placement there.

Further, with respect to Plaintiff's retaliation claim, not only was Plaintiff found guilty of the misconduct, but Plaintiff contends that the misconduct was issued by some unnamed officer who is not a Defendant in this action.  See Bonaparte v. Beck, 441 F. App'x 830, 832-33 (3d Cir. Aug. 3, 2011) (a finding of guilt of the underlying misconduct necessarily establishes that the same action would have been taken even if the plaintiff had not engaged in the protected activity and precludes a finding that the misconduct was issued in order to retaliate against him); Israel v. Superintendent of SCI Fayette, No. 08-428, 2009 WL 693248, at *11 (W.D. Pa. Mar. 13, 2009). As such, injunctive relief in this regard would be inappropriate.  Accordingly, the following Order is entered:

AND NOW, this 15th day of September, 2017, upon consideration of Plaintiff's Motion for Preliminary Injunction and supplemental Motion for Preliminary Injunction and Defendants' Response thereto, IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction and a supplemental Motion for Preliminary Injunction, ECF Nos. 24 and 26, are DENIED.

BY THE COURT,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: William Tierno
MC2031
175 Progress Dr.
Waynesburg, PA 15370

All counsel of record via CM/ECF